UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00444-GNS-CHL

CURTIS MITCHELL                                                                                                      PLAINTIFF

v.

J & R SCHUGEL TRUCKING, INC.; and
EMMANUEL TOUSSAINT                                                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Strike Defendant's Expert Dr. Frank Bonnarens (DN 25). The motion is ripe for adjudication.

### I.    STATEMENT OF FACTS AND CLAIMS

In September 2022, a vehicle driven by Curtis Mitchell ("Mitchell") collided with a semitruck operated by Emmanuel Toussaint, an employee of J & R Schugel Trucking, Inc. (jointly, "Defendants"). (Compl. ¶¶ 5, 8-10, DN 1-1). Mitchell brought this personal injury suit against Defendants for injuries allegedly sustained in the collision. (Compl. ¶¶ 8-25).

Discovery deadlines for this suit were set by this Court via Scheduling Order on October 3, 2024. (Scheduling Order, DN 13). Mitchell timely disclosed his experts, including Dr. Rick Lyon ("Dr. Lyon"), in April 2025. (Pl.'s Expert Disclosures 1, DN 25-1). Defendants also timely disclosed their experts, including Dr. Chris Stephens ("Dr. Stephens"), prior to the June 19, 2025, deadline for such disclosures. (Defs.' Expert Disclosures 1, DN 25-2; Scheduling Order 2). Both medical experts were deposed in August. (Lyon Dep., Aug. 12, 2025, DN 25-3; Stephen Dep., Aug. 22, 2025, DN 25-4). Discovery closed on September 19. (Scheduling Order 2). Defendants, however, sent a supplemental discovery response to Mitchell on September 24, identifying Dr.

1

Frank Bonnarens ("Dr. Bonnarens") as an expert. (Defs.' Suppl. Disc. Resps. 1, DN 25-5). Dr. Bonnarens' report was not disclosed until October 22, after Mitchell moved to strike Dr. Bonnarens. (Bonnarens Report 1, DN 28-1; Pl.'s Mot. Strike Bonnarens 1, DN 25).

## II.   JURISDICTION

Jurisdiction in this matter is based on diversity of citizenship under 28 U.S.C. § 1332(a), as the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## III.   DISCUSSION

In relevant part, Fed. R. Civ. P. 26 outlines the applicable deadlines for the disclosure of expert testimony:

> Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
> (i)   at least 90 days before the date set for trial or for the case to be ready for trial; or
> (ii)  if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(D). As Defendants concede, Defendants' disclosure of Dr. Bonnarens is untimely—Dr. Bonnarens was disclosed three months after the deadline imposed by this Court. (Defs.' Resp. Pl.'s Mot. Strike Bonnarens 9, DN 31).

The determination of whether Dr. Bonnarens should be excluded because of Defendants' untimely disclosure is governed by Fed. R. Civ. P. Rule 37(c)(1). Fed. R. Civ. P. 37(c)(1) "'puts teeth' into the Rule 26 provisions . . . ." *Campos v. MTD Prods., Inc.*, No. 2:07-CV-00029, 2009 WL 2252257, at *9 (M.D. Tenn. July 24, 2009) (citations omitted); *accord Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir. 1998). In relevant part, Fed. R. Civ. P. 37 provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). This provision "contemplates strict[] adherence to discovery requirements, and harsh[] sanctions for breaches of this rule, and the required sanction in the ordinary case is mandatory preclusion." *Id.*; *see also Roberts ex rel. Johnson v. Galen of Va. Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) ("Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a) . . . ." (citation omitted)). The advisory committee notes to the 1993 amendment, which included passage of Rule 37(c)(1), "strongly suggest[] that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015) (alteration in original) (quoting *Vance by & through Hammons v. United States*, 182 F.3d 920, 1999 WL 455435, at *5 (6th Cir. 1999)).

In *Howe*, the Sixth Circuit instructed courts to consider the following five factors to determine whether a discovery violation is "substantially justified" or "harmless":

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Id.* (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396-97 (4th Cir. 2014)). "District courts have broad discretion in applying these factors and need not apply each one rigidly. The factors simply lend themselves to the task at the heart of Rule 37(c)(1): separating honest, harmless mistakes from the type of underhanded gamesmanship that warrants the harsh remedy of exclusion." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (internal quotation

3

marks omitted) (quoting *Bentley v. Highlands Hosp. Corp.*, No. 15-97-ART-EBA, 2016 WL 5867496, at *10 (E.D. Ky. Oct. 6, 2016)).

Turning to the first *Howe* factor, Defendants' disclosure of Dr. Bonnarens is a surprise to Mitchell. The parties agree that the possibility of supplemental experts was first discussed after the medical experts' depositions in late August. (Defs.' Resp. Pl.'s Mot. Strike Bonnarens 7; Pl.'s Reply Mot. Strike Bonnarens 4-5, DN 35). These discussions took place, however, well after the deadline to disclose experts had passed. *Compare Am. Power, LLC v. Harris*, No. 3:17-CV-347, 2024 WL 5200803, at *3 (S.D. Ohio Dec. 23, 2024) (finding expert was not a surprise when expert's report was disclosed before the disclosure deadline) *with RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659, 669 (6th Cir. 2024) (finding expert was a surprise when substance of expert's opinion was not disclosed until after discovery deadline). Consequently, this factor weighs in favor of exclusion.

Second, to cure this surprise, discovery would have to be re-opened to allow Mitchell to depose Dr. Bonnarens. This would force Mitchell, "the non-defaulting party, to bear the effort and expense necessary to cure [Defendants'] failure to disclose." *EQT Prod. Co. v. Magnum Hunter Prod., Inc.*, 768 F. App'x 459, 469 (6th Cir. 2019). "[R]eopening discovery would reward [Defendants] for their inability to obey the district court's orders while punishing [Mitchell]." *RJ Control Consultants, Inc.*, 100 F.4th at 670. Mitchell also suggests that if Dr. Bonnarens is allowed to testify, he should also be able to obtain a rebuttal expert for Defendants' reconstruction expert. (Pl.'s Reply Mot. Strike Bonnarens 7). The addition of two new experts—after discovery is closed and the parties are preparing for trial—would not only be costly but certainly delay trial. Thus, this factor weighs in favor of exclusion.

Third, during a status conference—held while this motion was pending—this Court set this matter for trial on May 12, 2026. While this trial date is six months away, reopening discovery could disrupt the parties' preparation and delay the trial. Thus, this factor weighs slightly in favor of exclusion. *Compare Univ. of Tenn. Rsch. Found. v. Caelum Biosciences, Inc.*, No. 3:19-CV-508, 2024 WL 4011957, at *5 (E.D. Tenn. Sept. 1, 2024) (finding that untimely disclosure would not disrupt trial because experts had already been deposed), *with Ramsey v. Lowe's Home Ctrs., LLC*, No. 6:24-CV-001-CHB, 2025 WL 2577791, at *19 (E.D. Ky. Sept. 5, 2025) (finding that "reopening discovery and resetting a dispositive motions deadline would delay trial" (citation omitted)).

Fourth, the Defendants' stress the importance of Dr. Bonnarens' testimony to rebut Dr. Lyon's "wrong" opinion. (Defs.' Resp. Pl.'s Mot. Strike Bonnarens 5). Defendants assert that Dr. Bonnarens' testimony would "inform the jury about the true nature of Plaintiff's shoulder injury . . . ." (Defs.' Resp. Pl's Mot. Strike Bonnarens 9). The Court recognizes the importance of this testimony to the jury's determination of causation and potential damages. Dr. Bonnarens, however, is not Defendants' sole medical expert—Defendants timely disclosed Dr. Stephens as a medical expert and may call him to testify at trial. (Defs.' Expert Disclosures 1). While Dr. Stephens offers testimony only about Mitchell's spinal injury, Defendants are not left without expert medical testimony. (Stephen Dep. 9:19-24). Still, this factor weighs in favor of Defendants, but "the importance of evidence cannot, by itself, save the evidence's improper disclosure from being found unjustified or non-harmful." *Coleman v. Wal-Mart Stores E., LP*, No. 22-54-DLB-EBA, 2023 WL 7132938, at *4 (E.D. Ky. Oct. 30, 2023), *appeal dismissed*, No. 23-6044, 2024 WL 4956369 (6th Cir. Aug. 5, 2024).

Fifth, Defendants' proffered explanation for their failure to timely disclose Dr. Bonnarens is unpersuasive. Defendants argue that it was not apparent that a rebuttal witness was necessary until Dr. Lyon's deposition, during which he offered testimony that is unsupported by Mitchell's medical records. (Defs.' Resp. Pl.'s Mot. Strike Bonnarens 3). Dr. Lyon's testimony, however, was consistent with his report, which was disclosed to Defendants before their deadline to disclose expert testimony.

Defendants point to Dr. Lyon's deposition, in which he acknowledges that he did not review Mitchell's Veterans Affairs ("VA") medical records. (Lyon Dep. 9:8-12, Aug. 12, 2025, DN 31-2). Defendants, however, already knew this—it was evident from Dr. Lyon's report. (Lyon Dep. 9:8-12, DN 31-2). Moreover, Defendants have had Mitchell's VA records—which Defendants say indicate that Mitchell experienced shoulder pain prior to this semitruck accident— since at least February 2025. (Defs.' Resp. Pl.'s Mot. Strike Bonnarens 3-4).

Defendants also cite Dr. Lyon's deposition testimony regarding his opinion that Mitchell would require surgery because of his tendinitis. (Defs.' Resp. Pl.'s Mot. Strike Bonnarens 4-5; Lyon Dep. 41:5-17, 53:1-4, DN 31-2). Defendants assert that Mitchell's MRI study revealed *tendinosis*, not tendinitis. (Defs.' Resp. Pl.'s Mot. Strike Bonnarens 1, 4-5). Dr. Lyon's testimony was consistent with his report, however, which Defendants seem to acknowledge in their response. (Defs.' Resp. Pl.'s Mot. Strike Bonnarens 4-5; Pl.'s Expert Disclosures 25-26).

Because Dr. Lyon's deposition revealed no opinions inconsistent with his report, any need for a rebuttal witness would have been apparent when Mitchell provided his expert testimony disclosures. Moreover, even if the need for a rebuttal witness was not clear until Dr. Lyon's deposition on August 12, 2025, Defendants provide no explanation for why they did not identify Dr. Bonnarens as an expert until September 24, nor provide his report until October 22. "[T]o

6

quote *Howe*, 'the nondisclosing party's explanation for its failure to disclose the evidence' weighs heavily against supplementation." *Corder v. Ethicon, Inc.*, No. 6:19-CV-273-REW-HAI, 2020 WL 13616867, at *7 (E.D. Ky. Nov. 6, 2020) (quoting *Howe*, 801 F.3d at 748). Because the fifth *Howe* factor "speaks directly to whether [Defendants'] untimely disclosures were 'substantially justified,'" Mitchell's argument for exclusion is greatly bolstered. *Bentley*, 2016 WL 5867496, at *11 (quoting Fed. R. Civ. P. 37(c)(1)).

Considering these factors together, Defendants' failure to timely disclose Dr. Bonnarens is neither harmless nor justified. Defendants have offered no plausible justification for their failure to timely disclose Dr. Bonnarens. "While there appears to be no evidence of bad faith or unfair strategic behavior, [Defendants] have failed to act with the diligence owed to the opposing party and the judicial process." *Caudle v. Nielsen Co. (US), LLC*, No. 17-13737, 2020 WL 6608885, at *3 (E.D. Mich. Nov. 12, 2020). Thus, testimony from Dr. Bonnarens shall be excluded.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Defendant's Expert Dr. Frank Bonnarens (DN 25) is **GRANTED**.

Greg N. Stivers, Judge
United States District Court
December 9, 2025

cc:  counsel of record